**In the Matter of Roger W. HULTQUIST, Respondent.**

**No. 02S00–1007–DI–400.**

Supreme Court of Indiana.

Jan. 30, 2012.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** The two counts in this disciplinary action relate to misconduct also charged against attorney Anthony T. Adolf, who is the subject of a disciplinary action under Cause No. 02S00–1007–DI–401.

*Facts pertaining to both Counts 1 and 2.* Two couples retained Respondent to file a bankruptcy petition for them before cer-

tain amendments to the Bankruptcy Code became effective on October 17, 2005. Without the clients' knowledge, Respondent arranged to pay an employee in Adolf's office to prepare and file the petitions electronically using software and court authorization Respondent lacked. This would result in Adolf being shown as the clients' counsel. The two attorneys agreed that Adolf would file the petitions and Respondent would later be substituted as counsel for the couples. In each case, the couples' attempts to contact Respondent throughout the process were for the most part unanswered.

*Count 1.* Adolf's employee prepared the petition for filing but it was misplaced and Adolf never filed it. After the first couple inquired into the status of their case in March 2006, Respondent discovered the petition had not been filed before the amendments took effect. He apologized and offered to make amends, but the couple hired new counsel to handle their bankruptcy.

*Count 2.* Adolf filed the petition and schedules for the second couple on September 13, 2005. The documents generated by Adolf's software contained false representations, including that Adolf was authorized to execute documents for the couple and that he had counseled them about their options under the Bankruptcy Code. Adolf, rather than Respondent, appeared at the first meeting of creditors to represent the couple, although they knew nothing about his involvement in the case to that point. The bankruptcy was successfully concluded.

*Other facts.* The parties cite no facts in aggravation. They cite the following facts in mitigation: (1) Respondent has no disciplinary history in 44 years of practice; (2) Respondent was cooperative with the Commission; (3) Respondent apologized to the first couple and is remorseful; and (4)

Respondent's misconduct was not due to a dishonest or selfish motive, but rather resulted from a desire to serve his clients in the very strained circumstances preceding the effective date of the bankruptcy amendments.

Although Respondent admits that he improperly revealed financial information provided by clients to Adolf without their informed consent, we note that Respondent has suggested that the confidential quality of the information is diminished because the clients gave him this information with the expectation that it would be included in a public bankruptcy filing. We disagree. Clients considering bankruptcy will likely give their attorney considerably more raw data about their financial condition than is actually summarized in their bankruptcy filings. Moreover, it is possible that an attorney reviewing a client's financial information may recommend that it is unnecessary or unwise to file for bankruptcy. And in any case, until the moment a bankruptcy is actually commenced, it is the client's decision whether to make confidential financial information public.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failure to act with reasonable diligence and promptness.

1.4(a)(1): Failure to promptly inform a client of any decision or circumstance with respect to which the client's informed consent is required.

1.4(a)(4): Failure to comply promptly with a client's reasonable requests for information. 1.4(b): Failure to explain a matter to the extent reasonably necessary to permit a client to make informed decisions.

1.6(a): Revealing information relating to representation of a client without the client's informed consent.

**Discipline:** The parties propose the appropriate discipline is a public reprimand. The Court, having considered the submissions of the parties, now approves the agreed discipline and imposes **a public reprimand** for Respondent's misconduct.

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.